IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BULGER, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:22 -CV-00504 -MAB |
| | ) |
| DAVIS, MAAS, AND BEACH, LLC, | ) |
| AND ROBERT KISTER, | ) |
| | ) |
| Defendants. | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case.").

Plaintiffs Robert, Lorna, Hunter, and Blake Bulger filed a complaint against Robert Kister, an attorney who owns and operates a law firm called Bob Kister Injury Law, and Davis, Maas & Beach, LLC (Doc. 1, pp. 2-3). Plaintiffs bring two claims in the complaint. The first is a legal malpractice claim based on Defendants' legal representation of Plaintiffs relating to a July 5, 2019 automobile crash (*Id.* at pp. 2-3). The second claim is a breach of contract claim, in which Plaintiffs argue that Defendants breached the representation agreement contract between Plaintiffs and Defendants (*Id.* at pp. 3-4).

The complaint, however, does not sufficiently allege the existence of this Court's subject matter jurisdiction. *See McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005)

("Ensuring the existence of subject-matter jurisdiction is the courts first duty in every lawsuit."). As the party invoking federal jurisdiction, Plaintiffs must demonstrate that all jurisdictional requirements are satisfied. *See Smart v. Local 702 Int'l Brotherhood of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). Confusingly, Plaintiffs indicate that the basis for the Court's jurisdiction is the federal question statute, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332 (Doc. 5). Plaintiffs do not, however, identify any federal statute or constitutional right that was purportedly violated (*see* Doc. 1), nor can the Court readily discern a basis for federal question jurisdiction from the allegations. Similarly, there are issues with how Plaintiffs plead diversity jurisdiction. Plaintiffs detail that they *reside* in Columbia, Illinois, while Robert Kister owns and operates a law firm located in Herculaneum, Missouri (Doc. 1, p. 1). Plaintiffs plead that Defendant Davis, Maas & Beach, LLC is a Missouri limited liability company operating out of Arnold, Missouri (*Id.* at pp. 1-2). These allegations are insufficient for the Court to determine whether diversity jurisdiction exists.

First off, "[r]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The citizenship of a natural person for diversity purposes is determined by the person's domicile, which means the state where the person is physically present with an intent to remain there indefinitely. *See Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994), *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006). Additionally, to properly allege citizenship of a limited liability company (LLC), the party

seeking to invoke the Court's federal subject matter jurisdiction must allege the citizenship of each of the LLC's members. *See, e.g., Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Plaintiffs must identify each member's name of the Defendant Davis, Maas & Beach, LLC, and *specifically plead* the citizenship of each member. *See Thomas*, 487 F.3d at 534; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002). Additionally, Plaintiffs must plead the citizenship, not residency, of Defendant Kister and themselves.

The Court is not pointing out Plaintiffs' errors "merely for the sake of hyper technical jurisdictional purity." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989). It is because the Seventh Circuit has repeatedly warned district courts to ensure that subject matter jurisdiction is properly pleaded. *See, e.g., Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger,* 361 F.3d 991, 992 (7th Cir. 2004) (lamenting that litigants and judges all too often "disregard their first duty in every suit: to determine the existence of subject matter jurisdiction"); *Belleville Catering Co. v. Champaign Market Place, L.L.C.,* 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money."); *Wisconsin Knife Works v. National*

*Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). As the party seeking to invoke federal jurisdiction, Plaintiffs "bear the burden of demonstrating that the requirements for diversity are met." *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Plaintiffs' jurisdictional allegations, standing alone, must establish that diversity jurisdiction exists. The Court will not read between the lines or make assumptions regarding the citizenship of any party.

Accordingly, Plaintiffs are **ORDERED** to file an amended complaint, on or before **June 27, 2022** (two weeks from now). If Plaintiffs fail to file an amended complaint in the manner and time prescribed or if, after reviewing it, the Court finds that they cannot establish subject matter jurisdiction, this case will be dismissed.

Additionally, Federal Rule of Civil Procedure 4(m) requires defendants to be served within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). The 90-day deadline in this case ended yesterday (June 9, 2022) and a review of the docket sheet reflects that Defendant Kister has not been served or signed a waiver of service.[1] The Court *sua sponte* extends this deadline an additional two weeks (up until June 27, 2022). Plaintiffs are **WARNED** that if they fail to serve Defendant Kister within this extended timeframe, the Court may dismiss Defendant Kister.

---

[1] It appears that Plaintiffs attempted service on Defendant Kister on or around March 24, 2022, but were unsuccessful (Doc. 12). There is no other indication on the docket that Plaintiffs reattempted service.

IT IS SO ORDERED.

DATED: June 13, 2022

                                                                                       s/ Mark A. Beatty
                                                                                       MARK A. BEATTY
                                                                                       United States Magistrate Judge